9689

STATE v. COLE.

(92 S. E. 624.)

1. INDICTMENT AND INFORMATION—DEMURRER.—If the allegations of an indictment were sufficient to constitute any offense whatever, demurrer thereto was properly overruled.
2. ELECTIONS—BRIBERY OF VOTER.—Bribery of a voter is an indictable offense at common law.
3. OBSTRUCTING JUSTICE—ACCEPTANCE OF BRIBE BY WITNESS.—It is sufficient to constitute bribery that the party giving or receiving money or other valuable consideration for doing an unlawful act is under a legal duty connected with the administration of public justice, and defendant, whose name appeared as a witness on the back of an indictment against a party charged with an offense, was under legal duty to testify when required, and the acceptance of a bribe by him under the agreement that he would alter, change, vary and falsely give testimony subjected him to indictment for bribery.
4. CONSPIRACY — CONSPIRACY TO COMMIT PERJURY. — Where defendant, whose name appeared as a witness on the back of the indictment against a party charged with an offense, agreed with such indicted party to swear falsely in his behalf in consideration of $15, which defendant received, defendant was guilty of conspiracy, and indictable.

Before MOORE, J., Greenville, Fall term, 1916. Affirmed.

J. H. Cole was convicted of bribery, and he appeals.

*Messrs. McCullough, Martin & Blythe,* for appellant, cite: 5 Cyc. 1039; 97 Am. Dec. 711; 39 Cyc. 1364; 29 Cyc. 1327, 1332; 40 Cyc. 2171, 2177.

*Mr. Solicitor Martin,* for the State.

May 25, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was tried and convicted under the following indictment:

"The jurors of and for the county aforesaid, in the State aforesaid, upon their oath present that J. R. Cole, late of the county and State aforesaid, did on the 24th day of October, in the year of our Lord one thousand nine hundred and sixteen, with force and arms, at Greenville, in the county and State aforesaid, wilfully, unlawfully and corruptly offer to take and did accept a gift of gratuity in the nature of a bribe of $15 good and lawful money of the United States, under the agreement and with the understanding that he would, as a witness in a case pending in the Court of General Sessions for Greenville county, to wit, the case of John Dixon indicted for violation of the dispensary law, alter, change, vary and falsely give testimony to aid and benefit the said John Dixon; he, the said J. E. Cole, at the same time being a witness named in said indictment against the said John Dixon."

The defendant's attorneys demurred to the indictment on the following grounds:

"That it does not state facts sufficient to constitute an offense at common law, because: (1) There is no such offense known at common law as the accepting of a bribe or offering to accept a bribe by a witness; (2) because the indictment alleges a mere bald agreement or promise to commit perjury for money received, and such mere promise is no offense at common law; (3) because it is not alleged that the defendant was an officer, that the alleged bribe was a bribe in connection with official misconduct, and, therefore, the alleged offense is not bribery; (4) because there is no actual obstruction of justice by defendant alleged, no attempt by him to obstruct justice, and no allegation of lawful summons or other process alleged or set out in the indictment; (5) because the indictment fails to show that defendant was a witness in case charging a criminal offense."

If the allegations of the indictment are sufficient to constitute any offense whatever, then the demurrer was properly overruled.

The first question that will be considered is whether there is such an offense at common law as the acceptance or offering to accept a bribe by a witness.

"Bribery may be defined to be the giving, offering or receiving of any thing of value intended to influence one in the discharge of a legal duty." 4 Enc. of Law 907.

"Bribery is the voluntary giving or receiving of any thing of value, in corrupt payment of an official act done or to be done; the giving, offering or receiving of any thing of value intended to influence one in the discharge of a legal duty; or the crime of offering any undue reward or remuneration to any public officer, or other person intrusted with a public duty, with a view to influence his behavior in the discharge of his duty. Bribery is an offense against public justice. The essence of it is the prostitution of a public trust, the betrayal of public interests, the debauchment of the public conscience. It was an indictable offense at common law. A bribe is a price, reward, gift, or favor bestowed or promised with a view to pervert the judgment or corrupt the conduct of a Judge, witness or other person." 9 Corpus Juris. 402.

"It has frequently been said that at common law the offense of bribery can be predicated only of a reward given to a Judge or to the person concerned in the administration of public justice, but it has been denied that the common law offense is thus limited. In any event the modern definitions of bribery, whether statutory or otherwise, commonly include as the subject of it all persons whose official conduct is in any way connected with the administration of the government, general or local, whether judicial, legislative, executive or ministerial, and persons who execute the functions of a public office or who hold any place of profit or trust under any law of the State." *Id.* 406, 407.

The bribery of a voter is an indictable offense at common law. 4 Enc. of Law 911-912.

These and other authorities that might be cited

sustain the proposition that it is not a prerequisite to the offense of bribery that the party giving or receiving money or other valuable consideration for doing an unlawful act should be either a judicial, executive or legislative officer, but it is sufficient if such party shall be under a legal duty connected with the administration of public justice.

The defendant whose name appeared as a witness upon the back of the indictment against a party charged with an offense then pending in the Court was under a legal duty to testify in that case, when required. Therefore the acceptance of a bribe by him subjected him to indictment.

The fact that it is an offense at common law to bribe a voter, or for him to receive a bribe, shows conclusively that a person who is not an officer is subject to indictment for such offense, and that it never was confined to officers alone; as it cannot be successfully contended that a voter is an officer.

There is another reason why the demurrer was properly overruled. The indictment alleges an agreement between the defendant and a party (whose name does not clearly appear in the indictment, but the testimony shows was said John Dixon) to swear falsely in behalf of said party in consideration of the $15 which the defendant received. This constituted a conspiracy.

"It has been said that there is perhaps no crime an exact definition of which is more difficult to give than the offense of conspiracy. The essentials of a conspiracy, whether viewed with regard to its importance in a criminal prosecution, or its significance in a civil action for damages, are commonly described in this general language: It is a combination between two or more persons to do a criminal or an unlawful act by criminal or unlawful means." 8 Cyc. 620.

"No formal agreement between the parties to do the act charged is necessary. It is sufficient that the minds of the parties meet understandingly, so as to bring about an intel-

ligent and deliberate agreement, to do the act and commit the offense charged, although such agreement be not mainifested by any formal words. If two persons pursue by their acts the same objects, often by the same means, one performing one part of the act, and the other another part of the act, so as to complete it with a view to the attaining of the object which they were pursuing, this will be sufficient to constitute a conspiracy." *Id.* 621.

"Any confederacy or combination the purpose of which is to obstruct the due course of justice, or the due administration of the law, is an indictable conspiracy. Thus it is an offense to conspire to fabricate evidence; to induce witnesses to suppress evidence; to give false evidence * * *" *Id.* 634.

"The means by which the conspiracy is to be carried out are not a necessary part of the agreement. It is not material how the unlawful purpose is to be obtained, or what part each conspirator is to play." 5 R. C. L. 1065.

We have a case in our own Reports directly in point. *State* v. *DeWitt,* 20 S. C. L (2 Hill) 282, 27 Am. Dec. 371. In that case the defendants were indicted for a conspiracy to destroy the last will and testament of the testator, and thereby defraud the devisees. The Court held that all conspiracies to injure others by perverting, obstructing, or defeating the course of public justice, in a criminal or civil proceeding, by the suppression or fabrication of evidence, are indictable. And where two or more conspire for that purpose, and destroy a will with a view to defraud the devisees, it is indictable. The Court used this language:

"Attempts to suborn a witness to commit perjury or to prevent his giving evidence are offenses against public justice; and there can be no well-founded reason why the fabrication of evidence not involving perjury, or the destruction and suppression of that which is good, should not equally be so; they are alike calculated to pervert the public justice of the country, and to do individual injustice."

19—107.

There are exceptions raising other questions which were not discussed by the appellant's attorneys in their written argument, but which were argued orally. They stated that these exceptions were not abandoned. We have considered them, and have reached the conclusion that, even if there was error, it was not prejudicial to the rights of the appellant.

Appeal dismissed