Carolyn Elizabeth **RIDGEWAY**
v.
**SAFEWAY STORES, Incorporated.**
Civ. A. No. 794.

United States District Court
E. D. Virginia, Richmond Division.
Dec. 22, 1948.

M. J. Fulton, Richmond, for plaintiff.

McGuire, Eggleston, Bocock & Woods, Richmond, for defendant.

STERLING HUTCHESON, Chief Judge.

This is an action for slander brought by the plaintiff, Carolyn Elizabeth Ridgeway, against the defendant, Safeway Stores, Incorporated.

In February 1947 the plaintiff filed notice of motion for judgment in the Law and Equity Court of the City of Richmond, in which she alleges that she went into what is commonly known as a "self-service" store operated by the defendant on Jefferson Street in Richmond on or about August 20, 1947, for the purpose of purchasing merchandise therein; that after selecting merchandise she wanted she went to the stand where purchases are checked to pay for the merchandise and after paying the amount due she discovered she needed matches. Whereupon she left her merchandise on the counter and returned to the rear of the store for matches; that upon her return to the counter to pay for the matches the defendant's employee designated as a "checker" questioned her in the presence of other customers as to whether she was going to "pay for the jello" and upon replying that she had no jello the checker stated that she did and he saw her take it from the shelf. The notice of motion then alleges that these remarks made by the checker were false, malicious, slanderous, scandalous and made for the purpose of injuring the plaintiff's reputation, good name, credit and standing in the community and that the words used were in their common acceptation construed as insults and tending to cause violence and a breach of the peace and were used by defendant's employee to charge the plaintiff with shoplifting. Damages in the sum of $10,000 is asked. This suit was subsequently removed by the defendant to this Court.

On April 2, 1948, the defendant filed its answer herein which in substance denied plaintiff's allegations as to the statements of its employee. It alleges apologies were made to the plaintiff for the alleged defamation and denies that any words were spoken to the plaintiff with malice. On April 21, 1948, defendant filed an amended answer in which it is alleged that any words spoken by employees of defendant to the plaintiff were privileged and that defendant neither authorized nor ratified the use of the words alleged.

For the purpose of this memorandum the evidence heard by the Court, sitting without a jury, on December 9, 1948, may be summarized as follows:

On August 20, 1947, the plaintiff went into a "self-service" Safeway Store owned and operated by the defendant on Jefferson Street in the City of Richmond. As the plaintiff had previously traded with this store she was known to the manager and the checkers and clerks. While the plaintiff was in the store she was observed by the checker (the person who handles the cash register and collects for items selected by customers as the customer passes on making an exit from the store) toward the rear of the store. While she was in the rear of the store the checker thought he observed her pick up a box of jello. When the plaintiff passed the checking counter and exhibited no jello, the checker questioned her about the jello she had taken, in the presence of several other customers. The plaintiff denied taking the jello, became excited, began crying and left the store, after first complaining to the acting manager who called the clerk to a different part of the store and questioned him in the presence of the plaintiff. In that conversation the checker again stated he thought he saw plaintiff take the jello but if she had not done so he regretted having made the statements to her.

Prior to the above incident the manager of the store in which such incident occurred had been informed that the manager of another of defendant's stores located on 17th Street had, on a previous occasion when the plaintiff was a customer in the latter store, suspected her of putting goods in her pocket while shopping and not disclosing them to the checker. This information had been communicated by the manager of the Jefferson Street store to employees of the store and was known to the checker at the time. There was no evidence of any prior unpleasant personal relations between the plaintiff and the checker or the acting manager.

At the time of the occurrences complained of the manager of the store was on vacation but upon his return to duty a few days later he and one of the defendant's district managers went to the home of the plaintiff and apologized to her for the incident and solicited her future patronage.

At the conclusion of all of the testimony in the case counsel for the defendant moved the Court for a directed verdict upon the grounds that the statements made by its employee to the plaintiff were privileged communications and not actionable without a showing by the plaintiff of actual malice on the part of its employee. The defendant contended that there was no evidence of any such malice. Action on the motion was reserved by the Court. There being no jury, the questions of privileged communications, malice and damages were all covered in the same arguments by counsel for the plaintiff and defendant respectively. The Court now has all of these questions under advisement and will dispose of the entire case in this memorandum.

In dealing with the motion for a directed verdict, I am inclined to the view that even if this were a jury case, the defendant's motion should be granted. Since all matters of law and fact, however, were submitted to the Court, I shall overrule the motion of the defendant for a directed verdict and dispose of the case on its merits.

From an examination of the authorities, I am of opinion that the

remarks complained of in this case were made on such occasion as to constitute them a qualifiedly privileged communication. The authorities seem to hold rather uniformly that a communication made in good faith by any person in discharge of his duty is qualifiedly privileged and there can be no recovery for such communication unless the language used is disproportionate in strength and violence to the occasion or unless the language used goes beyond the requirements of the occasion or is uttered with actual malice. Aylor v. Gibbs, 143 Va. 644, 129 S.E. 696; Montgomery Ward and Company v. Watson, 4 Cir., 55 F.2d 184; Kroger Grocery and Baking Company v. Yount, 8 Cir., 66 F.2d 700, 701, 92 A.L.R. 1166.

Having determined that the communication made by defendant's employee to the plaintiff was qualifiedly privileged, and having determined to dispose of this case on its merits, the next question presented is whether the defendant's employee used language disproportionate in strength and violence to the occasion or uttered the communication with malice so as to defeat the qualified privilege. Having determined that the communication was privileged, the burden was on the plaintiff to prove an abuse of the privilege. Montgomery Ward and Company v. Watson, supra; Kroger Grocery and Baking Company v. Yount, supra. Upon consideration of all the evidence, I am of opinion that the plaintiff has failed to meet this burden. While it appears that the remarks used by the employee impute the theft by plaintiff of the jello, I find nothing in the evidence to even indicate that anything said by him was with malice, nor was anything said that was disproportionate in strength or violence to the occasion or went beyond the exigencies of the occasion. It is apparent that the checker believed the plaintiff had taken a commodity belonging to his employer and for which she had not paid. The inquiry and remarks made by him were made in good faith and without malice in the performance of his duty and for the protection of his employer's interest. There is no evidence which might be considered as indicating actual malice as in the case of Aylor v. Gibbs, supra.

Some contention is made by the plaintiff that the communication made by the checker was actionable *per se* and that therefore the rule of privileged communications could have no application to this case and therefore no malice need be shown. In view of the language used by the Circuit Court of Appeals for this Circuit, in the case of Montgomery Ward and Company v. Watson, supra, I am unable to agree with this contention. In that case at page 187, Judge Parker said:

" * * *. In the case of a publication not privileged of words actionable *per se*, malice need not be shown, but is implied in law from the publication itself. In the case of a privileged communication, however, express malice as distinguished from malice in law must be shown; that is to say, if the occasion be privileged, the plaintiff may not recover, although he proves that defendant used language actionable *per se* and that same was false, unless he goes further and shows that in using same defendant was moved by actual malice, such as ill will, spite, grudge, or some ulterior motive. * * *"

Before carefully examining the cases here cited there was some question in my mind whether the rule concerning privileged communications between customer and employee, as in this case, is the same as in the case between an employer and employee. Kroger Grocery and Baking Company v. Yount, supra, covers the precise point. That case arose in Missouri and cited Montgomery Ward and Company v. Watson, supra, which was an appeal to the United States Circuit Court of Appeals for the Fourth Circuit. The last mentioned case was an appeal from West Virginia, and dealt with an employer and employee. The instant case occurred in Virginia and turning to Aylor v. Gibbs, supra, decid-

ed by the Virginia Court, it will be observed that the communication was between parties having no employer and employee nor employee and customer relationship. It would thus appear that the three cases considered together answer fully that question. Hence it is seen that in determining whether the communication is qualifiedly privileged, it is necessary to consider the occasion or circumstances rather than the status or relationship between the parties.

In view of the foregoing it is my opinion there should be a verdict for the defendant.

Counsel for the respective parties are invited to present proposed findings of fact and conclusions of law as soon as may be practicable, along with an order carrying into effect the views herein expressed.