Carl R. WILLIAMS, Whrens Casey Williams, and Minors, Samuel Lee Williams, III, and Linda Williams, by their Next Friend, F. C. Paschall, Appellants,

v.

WEYERHAEUSER COMPANY, Appellee.

No. 11116.

United States Court of Appeals Fourth Circuit.

Argued April 4, 1967.

Decided May 3, 1967.

R. V. Biberstein, Jr., Burgau, N. C., William C. Blossom of Wells and Blossom, Wallace, N. C., and George Rountree, Jr., Wilmington, N. C., on brief), for appellants.

W. Blount Rodman, Plymouth, N. C. (Z. V. Norman, Plymouth, N. C., C. D. Hogue, Jr., and Ronald D. Rowe, Wilmington, N. C., on brief), for appellee.

Before SOBELOFF, BRYAN and WINTER, Circuit Judges.

PER CURIAM.

This quia timet suit[1] was begun by Carl R. Williams and the other appellants alleging paramount title to a tract of land in Pender County, North Carolina which had been in the possession of the Weyerhaeuser Company, defendant-ap-

1. N.C.Gen.Stat. § 41–10.

**8**

pellee, for more than 20 years[2]—the last 7 under a deed[3] which the appellants now say clouds their rightful claims. Judgment went for the defendant, the plaintiffs appeal and we affirm.

The parties stipulated that a preliminary question of law, possibly determinative of the case, was which of two deeds, both from the same grantor, David Allison, embracing the same land, had priority. The claim of the plaintiffs rested on a deed to Joshua Bond, dated December 13, 1797, delivered no earlier than December 13, 1797 and recorded April 24, 1798. Defendant's title was founded in a deed to John Baker dated April 17, 1797, acknowledged July 17, 1797, delivered no later than July 17, 1797 and recorded November 19, 1798. The stipulation authorized the District Court to determine as a matter of law the primacy between them of these two ancient deeds. In addition, the company moved for summary judgment thus admitting the proffered proof.

The authenticity of these deeds as offered was not contested. Necessarily the submission raised only a question of law, and the submission was complete and final, because admittedly there was no other determinative proof of title, documentary or oral.

The District Judge accorded priority to the Baker deed—the defendant's title origin. He noted that this deed was executed before the Bond deed—plaintiffs' claim basis—and was *delivered* before the Bond deed, but was not *recorded* until after Bond's. Nevertheless, he gave precedence to the Baker deed because he held that, under the then prevalent law of North Carolina, the effect of the Baker deed's recordation, although subsequent to Bond's, was to pass title as of the date of the execution and delivery of the Baker deed, which was at least 5 months before the execution of the Bond deed.

We affirm, first, because the plaintiffs failed to carry their burden of proving the better title. Secondly, ownership here is dependent upon the construction of the muniments of title, the legal attribution accorded to the dates of conveyance and of their delivery, as well as the necessity and effect of registration under the State's law in 1798—well before the present recording act—and we are entitled to accept the interpretation of the District Judge as one versed in such local matters. E. g., Bernhardt v. Polygraphic Co., 350 U.S. 198, 204–205, 76 S.Ct. 273, 100 L.Ed. 199 (1956); Lomartira v. American Auto. Ins. Co., 371 F.2d 550, 554 (2 Cir. 1967). This is especially true when, as here, his conclusions are articulated with clarity and no contrary precedent of the Supreme Court of North Carolina is at hand.

Affirmed.

---

2. Although appellee defended below on grounds other than adverse possession, we note that the statutory period of holding is 20 years where without color of title. N.C.Gen.Stat. § 1–40.

3. Where adverse possession is under color of title seven years holding can secure a fee. N.C.Gen.Stat. § 1–38; see footnote 2, supra.