**Edward L. FLOWERS, Plaintiff,**

v.

**ZAYRE CORPORATION, Defendant.**

**Civ. A. No. 66–426.**

United States District Court
D. South Carolina.
Columbia Division.
May 9, 1968.

Law, Kirkland, Aaron & Alley, Columbia, S. C., for plaintiff.

J. Edwin Belser, Columbia, S. C., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

DONALD RUSSELL, District Judge.

This is an action in slander, tried before me without a jury. Pursuant to Rule 52(a), Rules of Civil Procedure (28 U.S.C.A.). I make the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On February 24, 1966, plaintiff, along with his wife and three children, visited the department store operated by the defendant in Columbia, South Carolina. After shopping there for about an hour and a half, the plaintiff left the store and went to his car in the parking lot, adjacent to the store, leaving his wife and children in the store. Shortly thereafter, the children came to the car

and told the plaintiff that his wife, as she was leaving the store, had been accused of "shoplifting". Leaving his children in the car, the plaintiff returned to the store. While in the store seeking his wife, he was approached by a security officer of the defendant, who inquired whether he was looking for his wife. After replying affirmatively, he was thereupon taken to an office in the store where he found his wife and a woman security officer of the defendant.

2. At the time the plaintiff found his wife, there were four persons present in a small private room, off the main floor of the defendant's store. Two of them were the plaintiff and his wife. The others were the male and female security officers of the defendant, who had made the charge of "shoplifting" against the wife. One of the security officers advised the plaintiff that his wife was being questioned about a child's bra, valued at 69 cents, which apparently had been undeclared by the wife as she was paying for her purchases and preparing to leave the store. The plaintiff offered to pay for the bra and tendered the security officers a twenty dollar bill stating, "I had rather give to you than take from you." The situation at this point was naturally tense and there appeared to have been considerable argument between the plaintiff and his wife, on the one hand, and the security officers, on the other. The plaintiff and his wife testified that the lady security officer replied that she could not take any money from the plaintiff and added "you are trying to bribe me." The security officers denied that the lady security officer ever used the term "bribe" in her conversation with the plaintiff and his wife. It was their testimony to the contrary that the male security officer, after the plaintiff had stated that, if he were the security officer, "he would take the twenty dollars and forget about the whole thing", replied "That's the difference in taking a bribe and not taking a bribe." They testified that this was the only reference by either of them to bribery during the conversation.

It is this reference to bribery, whether by the male or the female security officer, which constitutes the basis of plaintiff's claim in slander.

3. The wife of the plaintiff was thereafter formally charged with shoplifting in a warrant issued by Magistrate Frank Powell in Columbia, South Carolina. The lady security officer testified at this trial of the wife that the plaintiff had offered twenty dollars to forget about the charges against his wife. Some discussion also occurred between the magistrate and the security officer in connection with the charge against the wife, where reference to possible bribery was made. Defendant vigorously objected to this testimony, contending that such statements, if made, were privileged and that they broadened the slander plead. The plaintiff, however, explained that he offered such testimony, not as evidence of additional actionable slander, but merely in aggravation. Accordingly, only if the original language was actionable, would this testimony be of moment.

4. I have no doubt and so find that, in the conversation with plaintiff and his wife during the conference in the office of the defendant, one or the other of the defendant's security officers stated, either in direct terms or in words that carried the necessary implication, that the plaintiff was proposing, to bribe such security officers to abandon their charges against plaintiff's wife.

5. I find, also, that such statement took place on an occasion when only those who had an interest in the matter under investigation were present, that it was made in good faith and under circumstances not establishing or implying malice.

6. I find that the plaintiff is a long-time employee of the duPont plant in Camden, South Carolina, that he and his family have lived in Camden for many years and that the plaintiff enjoys an excellent reputation in his community.

On the basis of these findings of fact, I make the following conclusions of law:

## CONCLUSIONS OF LAW

1. The language of the defendant's agents, whether spoken by Collins or Mrs. Wofford, charged either directly or by implication an attempt by the plaintiff to "bribe". Bribery is an indictable offense, both by statute [1] and common law,[2] in this State; and this applies equally to an attempt to bribe. "At common law * * * the distinction between bribery and the attempt to bribe was of little practical importance, as the offer to bribe, though there was no acceptance or delivery of the gift or reward, was indictable and punishable in the same way as if there had been both delivery and acceptance." 11 C.J.S. Bribery § 6 p. 857, note 57. Similarly, the statutory charge of bribery includes equally an attempt to bribe and an actual delivery of the bribe.

 Defendant argues that, though the language used may be assumed to charge bribery, it loses its slanderous character by reason of the fact that the conduct of the plaintiff, to which defendant's agent referred in his (or her) statement, did not meet the strict definition of bribery. Specifically, it contends that bribery is confined to improper influence directed at a public official and that there is no evidence that either of the defendant's security officers was a public official. Conceding defendant's definition of at least the statutory crime of bribery,[3] the fact that plaintiff was not and could not be guilty of bribery, does not render the slanderous language harmless and non-actionable. It is of the essence of plaintiff's case that he was not guilty of the crime charged. Indeed, if he had been guilty, the defen-

dant could plead justification by way of defense.[4] It may well be that the defendant's agent, in using the term "bribery", did so without understanding the strict legal limits of the term. It was, however, a term which, to the average mind, carried a criminal connotation and I am sure that defendant's agent used it in that sense. "It is well settled that a crime need not be charged *eo nomine* for the words to be actionable" (Porter v. News & Courier Co. (1960) 237 S.C. 102, 108, 115 S.E.2d 656, 658); "* * * [it is only required] that the alleged slanderous words used must be given their ordinary popular meaning" (Nettles v. MacMillan Petroleum Corp. (1947), 210 S.C. 200, 205, 42 S.E.2d 57, 59; Sandifer v. Electrolux Corporation (C.A.4, 1949) 172 F.2d 548, 550). Applying such principles, the language charged was, in my opinion, actionable.

 On the other hand, I am equally clear that the language used was qualifiedly privileged. It is well established that "Such privilege exists with reference to a statement where it concerns a matter as to which the person making it has a bona fide duty or interest and is made in good faith in the performance of the duty or the protection of the interest to a person having a corresponding duty or interest with relation thereto." Montgomery Ward & Co. v. Watson (C.C.A.4, 1932) 55 F.2d 184, 187; Conwell v. Spur Oil Co. (1962) 240 S.C. 170, 178–179, 125 S.E.2d 270. A communication made by a storekeeper directly to a customer with regard to the conduct of the customer falls within such privilege. Kroger Grocery & Baking Co. v. Yount (C.C.A.8, 1933) 66 F.

---

1. Section 211, Title 16, Code of Laws of South Carolina (1962).

2. State v. Cole (1917) 107 S.C. 285, 92 S.E. 624.

3. In State v. Cole, supra, it was held that the common law crime of bribery was not confined to cases involving "a judicial, executive or legislative officer" but extended to any party "under a legal duty connected with the administration of public justice." (p. 288, 92 S.E. p. 625).

4. This is an unusual defense. Under this argument, if a defendant charged that the plaintiff had engaged in fraudulent representations, he would be immune from suit in slander if able to prove that the plaintiff's conduct did not, as a matter of law, constitute fraudulent representation. In short, the defendant's defense would be that his own charge was false. To say the least, this would be an unusual defense to an action in slander and one that appeals neither to reason nor precedent.

2d 700, 92 A.L.R. 1166, with annotation; Montgomery Ward & Co. v. Watson, supra; Ridgeway v. Safeway Stores (D.C. Va.1948) 139 F.Supp. 290, 293. It may be argued that the wife of the plaintiff was the customer and not the plaintiff. This, however, overlooks the real situation. Both came to the defendant's store for a common family purpose. When the difficulty arose, the plaintiff naturally stood by his wife and became her spokesman. Both husband and wife had a common interest in the subject-matter of the discussion. For all practical purposes, the two were one. The statement out of which this action stems was prompted by and was in reply to a statement made by the plaintiff concerning a matter involving his wife. There was no unnecessary publication to persons not directly concerned in the matter under discussion.[5]

Nor do I think that there was either an abuse of the privilege by the defendant or a showing of actual malice. The burden of showing such rests on the plaintiff. Conwell v. Spur Oil Co., supra, 240 S.C. at p. 181, 125 S.E.2d 270. It may well be that the plaintiff was not, and could not under the circumstances, have been guilty of bribery, but the defendant's agents manifestly felt that the plaintiff was endeavoring to induce them improperly to violate their duty to their employer. Having such feeling, it is understandable that the employee of the defendant would have rebuffed what he regarded in common understanding as a bribe. It is true that the offer may not have been so meant or that, even if accepted, it would not have measured up to strict bribery as defined either at common law, or by statute in South Carolina.[6] But the employee's "honest indignation", expressing itself in the rebuff forming plaintiff's cause of action, even though it may have been based on a possible misconstruction of plaintiff's language and intention, did not represent an abuse of the privileged occasion or evident malice.[7]

The plaintiff, has, however, raised the point that privilege is not an issue in this case. He bases this argument upon the failure of the defendant to plead privilege. There is some confusion in the decisions whether privilege must be specially plead under the Federal Rules of Civil Procedure.[8] While I am of opinion that the better practice would be to plead specially privilege, I feel that the liberality of federal pleading, especially when the existence of the privilege is as clear as it is in this case, supports a ruling that, despite the absence of any special plea, privilege was put in issue by the defendant's general denial. Certainly, the plaintiff can in no way be prejudiced by such ruling. He omitted no proof because of the failure of the defendant to plead privilege nor would he have made any change in his trial tactics. The issue was inescapably raised by both plaintiff's and defendant's proof. It is true that I denied informally after the testimony a plea to

---

5. This case is the reverse of Davis v. Neiderhof (1965) 246 S.C. 192, 200, 143 S.E. 2d 367.

6. A growing number of states have added commercial bribery to the statutory criminal proscription of bribery. See, State of North Carolina v. Brewer (1963) 258 N.C. 533, 129 S.E.2d 262, 1 A.L.R.3d 1323, app. dis. 375 U.S. 9, 84 S.Ct. 72, 11 L.Ed.2d 40. South Carolina has not enacted such a statute.

7. Kroger Grocery & Baking Co. v. Yount, supra: " 'Honest indignation and want of sound judgment on the part of the defendant and his employment of strong words, if he thought them justified, were not evidence of malice.' " (66 F.2d p. 704).

8. Not necessary to plead: Kroger Grocery & Baking Co. v. Yount, supra; Washington Annapolis Hotel Co. v. Riddle (1948), 83 U.S.App.D.C. 288, 171 F.2d 732, 736; Walgreen Co. v. Cochran (CA 8 1932) 61 F.2d 357, 359; Taliaferro v. Sims (CA 5 1951) 187 F.2d 6, 8; contra, Christopher v. American News Co. (CA 7 1948) 171 F.2d 275, 277; Spanel v. Pegler (CA 7 1947) 160 F.2d 619, 623, 171 A.L.R. 699; Carroll v. Paramount Pictures (S.D.N.Y.1943) 3 F.R.D. 47, 48.

amend the pleading to conform to the proof, so as to obviate completely this objection. In such ruling, I think I was in error; I should, if the plea of privilege be deemed necessary, have granted the motion; and, to avoid any question in the record, I do hereby authorize the amendment of the pleadings to conform to the proof, including the inclusion of the plea of qualified privilege by the defendant.

Judgment shall be entered in favor of the defendant.

And it is so ordered.