**UNITED STATES of America, Appellee,**

v.

**William F. BURNSED, Appellant.**

**No. 76–2023.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 10, 1977.

Decided Nov. 30, 1977.

Lionel Lofton, Asst. U. S. Atty., Charleston, S. C. (Thomas P. Simpson, Acting U. S. Atty., Columbia, S. C., on brief), for appellee.

Joseph S. Mendelsohn, Charleston, S. C. (A. Hoyt Rowell, III, Gibbs, Gaillard, Rowell & Tanenbaum, Charleston, S. C., on brief), for appellant.

Before WINTER, BUTZNER and HALL, Circuit Judges.

BUTZNER, Circuit Judge:

William F. Burnsed, a policeman assigned to the vice squad of the police department of the county of Charleston, South Carolina, appeals his conviction for participation in an enterprise affecting interstate commerce through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).[1] An essential element of racketeering activity, defined in § 1961(1)(A), is proof that Burnsed violated a state law involving bribery punishable by imprisonment for more than one year.[2] In his principal assignment of error Burnsed contends that the evidence was insufficient to show that he had violated such a state law.

The evidence disclosed that Burnsed, along with other members of the vice squad, accepted money and the services of prostitutes in return for protecting illegally operated clubs and gambling establishments. The government contends that Burnsed violated § 16–212 of the Code of Laws of South Carolina, which punishes by imprisonment for not more than ten years any executive, legislative, or judicial officer who corruptly accepts a gratuity with the understanding that his opinion or judgment shall be given in a particular manner in any proceeding brought before him in his official capacity.[3]

Burnsed denies that he is an executive officer within the meaning of § 16–212.. He argues that his conduct violated only § 16–214 of the Code, which imposes a fine of not more than $300 on sheriffs and other officers who accept a bribe for delaying or failing to arrest a person or to perform the duties of their offices.[4] Based on that premise, Burnsed asserts that he is not guilty of the federal crime for which he was indicted because § 16–214 does not impose punishment of more than one year's imprisonment as required by the federal definition of "racketeering activity."

The district judge, rejecting Burnsed's argument, ruled that Burnsed violated § 16–

---

1. 18 U.S.C. § 1962(c) provides:

   It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

2. 18 U.S.C. § 1961(1)(A) provides in part:

   As used in this chapter—
   (1) "racketeering activity" means (A) any act . . . involving . . . bribery, . . . which is chargeable under State law and punishable by imprisonment for more than one year.

3. S.C.Code § 16–212 (1962) provides:

   Every executive, legislative or judicial officer who corruptly accepts a gift or gratuity or a promise to make a gift or to do an act beneficial to such an officer under an agreement or with an understanding that his vote, opinion or judgment shall be given in any particular manner or on any particular side of any question, cause or proceeding which is or may be by law brought before him in his official capacity or that, in such capacity, he shall make any particular nomination or appointment shall forfeit his office, be forever disqualified to hold any public office, trust or appointment under the laws of this State and be punished by imprisonment in the State Penitentiary at hard labor not exceeding ten years or by fine not exceeding five thousand dollars and imprisonment in jail not exceeding two years.

4. S.C.Code § 16–214 (1962) provides:

   If a sheriff, deputy sheriff, constable or other officer authorized to serve legal process receives from the defendant or any other person any money or other valuable thing as a consideration, reward or inducement for omitting or delaying to arrest a defendant or to carry him before a magistrate, for delaying to take a person to prison, for postponing the sale of property under an execution or for omitting or delaying to perform any duty pertaining to his office he shall be punished by a fine not exceeding three hundred dollars.

212. He reasoned that since this statute embraces all three branches of government, it necessarily includes a police officer who, as part of the executive branch, corruptly accepts a bribe to influence his judgment about the manner in which he deals with persons known by him to be violating the law.

■ We believe that the district judge's interpretation of §§ 16–212 and 16–214 is correct. One obvious difference between the statutes is that, in order to prove violation of § 16–212, it is necessary to show that the officer acted "corruptly." *Cf. State v. Meehan,* 160 S.C. 111, 115, 158 S.E. 151, 154 (1930). In contrast, this requirement is omitted in § 16–214. This difference in the statutes and the variation in the punishments they impose indicate that the legislature recognized different degrees of culpability.

■ In the absence of a definitive interpretation of §§ 16–212 and 16–214 by the South Carolina Supreme Court, we defer to the conclusion reached by the district judge, whose service as a state and federal judge has made him familiar with the law of South Carolina. *See Bernhardt v. Polygraphic Co.,* 350 U.S. 198, 204, 76 S.Ct. 273, 100 L.Ed. 199 (1956); *Williams v. Weyerhaeuser Co.,* 378 F.2d 7, 8 (4th Cir. 1967). His construction of the statutory language "executive . . . officer" as embracing a policeman is confirmed by dictum in *State v. Cole,* 107 S.C. 285, 287, 92 S.E. 624 (1917), where the court quotes approvingly from *Corpus Juris:*

> "In any event the modern definition of bribery, whether statutory or otherwise, commonly includes as the subject of it all persons whose official conduct is in any way connected with the administration of the government, general or local, whether judicial, legislative, executive, or ministerial, and persons who execute the functions of a public office or who hold any place of profit or trust under any law of the state."

The district judge instructed the jury about all of the elements, including the meaning of "corruptly," essential to prove

the crime of bribery as defined by § 16–212. The evidence was sufficient to show that Burnsed violated this statute. Since § 16–212 imposes imprisonment of more than one year, we conclude that the government's proof satisfied the definition of "racketeering activity" in 18 U.S.C. § 1961(1)(A).

Burnsed also complains about the denial of his motion for a severance. We find no abuse of discretion in this ruling of the trial court. *Cf. Opper v. United States,* 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954).

*Affirmed.*