### TALIAFERRO v. SIMS.
### No. 13153.

United States Court of Appeals,
Fifth Circuit.
Feb. 15, 1951.

Rehearing Denied March 9, 1951.

Ruth S. Taliaferro, Harrisonburg, Va., for appellant.

Floyd W. Cunningham, Booneville, Miss., J. O. Sams, Columbus, Miss., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by plaintiff, herself a lawyer, for herself as client, against the lawyer of her ex-husband, this suit for damages, actual and exemplary, is the outgrowth of an earlier struggle in and out of court between her and her ex-husband, W. P. Ferguson. This struggle was for the control and custody of their youngest child, James Smith Ferguson, which had been awarded to her in the divorce decree.

Four counts of the six count complaint charged defendant with a conspiracy to remove, and with the actual removal of the child from plaintiff's custody and control.

Two of them, the fourth and the fifth, charged him with libelling plaintiff by language[1] used in a petition filed in the Chancery Court in Lowndes County, Mississippi. Signed by her ex-husband and filed by defendant as his lawyer, the petition sought, in modification of the divorce decree, to award custody of the child to his father instead of to his mother.

In addition to the general defenses to all of the counts of no cause of action and general denial, defendant, in answer to the fourth and fifth causes of action, pleaded: that the complained of language was the language of, and the petition was signed by, Ferguson, her ex-husband; and that the defendant, as Ferguson's lawyer, had filed the petition because on information from Ferguson he believed that the facts therein stated were true.

The case coming on for trial before the court and a jury, plaintiff, offering only the defendant as a witness, rested, and defendant offered no testimony.

Whereupon, on defendant's motion,[2] the court directed a verdict for the defendant, and plaintiff has appealed.

1. "Your petitioner would further show unto the Court that the said Mrs. Ruth Smith Ferguson Taliaferro at the time the divorce was granted perpetrated a fraud upon this Court which will be presented to the Court on the hearing of this petition, which was not known to your petitioner at the time said divorce was granted."

2. "Comes the defendant and moves the Court to instruct the Jury to peremptorily find for the defendant as to each of the five counts or causes of action set out in the Bill of Complaint, for the reason that the evidence wholly fails to meet the burden of establishing cause of action as to a conspiracy on the part of the defendant to entice the child in question away from the State of Virginia and into the State of Mississippi. It wholly fails to establish or meet the burden that the defendant did actually participate in

8

Here, pressing her appeal with earnestness, diligence and industry worthy of a better based cause, appellant, in a carefully prepared and candid brief, supported by an oral argument, equally well prepared and candid, urges upon us that the judgment must be reversed and the cause remanded for a jury verdict.

 Conceding that she made no case on the first, second, third and sixth counts, she insists that on the fourth and fifth, the libel counts, she did. Urging that the statement complained of was libellous, *per se,* and pointing out that the defendant admitted, by his answer and his testimony, that he filed the petition as charged, she insists that defendant did not plead, and, therefore cannot avail himself of, the privilege invoked in his motion to dismiss.

We cannot at all agree. That the privilege asserted, arising as it did in connection with a judicial proceeding, was not qualified but absolute[3] appeared on the face of the complaint. Indeed it informed and dominated the case plaintiff undertook to make, and she could not escape the effect of the exemption from suit this privilege afforded without pleading and proving that, though the general nature of the occasion and the circumstances under which the publication occurred imported absolute privilege, the privilege was absent here because the published matter was not, and could not be, germane to, and, therefore, a part of the court proceeding in which it was filed.

 Sensing, though apparently not completely aware of her difficulty, plaintiff, alleging that the statement was irrelevant and was maliciously made, sought to avoid the absolute privilege which attended the filing in the Court proceeding of the petition complained of.

But this was to no avail, for the law is well settled that allegations and proof of malice or of mere irrelevance do not deprive an absolutely privileged communication of its privilege.[4] The cases appellant relies on are all cases of qualified privilege.[5] In addition, as plaintiff's cited case[6] shows, it is settled that even in case of qualified privilege, when the complaint itself anticipates that defense and pleads its non-existence, a denial puts the matter in issue.

 Finally, if affirmative pleading could in any event be considered as required here, it must be held, under the Federal Rules of Civil Procedure, 28 U.S.C.A., that the pleadings are deemed to have been amended to meet the defense interposed by the testimony and by motion.

There was no error in granting the motion and directing the verdict. The judgment was right. It is

Affirmed.

---

enticing the said child from Virginia to Mississippi, and the evidence wholly fails to establish that the alleged libelous and slanderous words in question were used by the defendant with any malice, prejudice or ill will toward the complaining party, and it wholly fails to establish publication and utterance of the alleged defamatory matter in such manner as to be without the privilege of an attorney in a Court pleading, as this matter is shown to have been published and uttered."

3. 33 Am.Jur., Libel and Slander, Sec. 125, pp. 123 and 124; Laun v. Union Electric Co., 350 Mo. 572, 166 S.W.2d 1065, 144 A.L.R. 622.

4. 33 Am.Jur., note 3 supra; Am.Law Institute Restatement of Torts, Sec. 587, and comment, particularly Comment (c).

5. Cf. Laun v. Union Electric Co.; Note 3, supra.

6. Age-Herald Publishing Co. v. Waterman, 202 Ala. 665, 81 So. 621.