United States Court of Appeals,

Fifth Circuit.

No. 96-30493.

Craig S. ADDISON;  Anita S. Addison, Plaintiffs-Appellants,

v.

Charles H. BRAUD, Jr., Defendant-Appellee.

Feb. 6, 1997.

Appeal from the United States District Court for the Middle District of Louisiana.

Before WISDOM, DAVIS and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Craig and Anita Addison sued Charles Braud for violating the Fair Debt Collection Practices Act ("FDCPA"), January 17, 1997, 15 U.S.C. § 1601 *et seq.*  The district court granted summary judgment for Braud and dismissed the action.  The Addisons now appeal.

BACKGROUND

The basis for the Addison's lawsuit for violations of the FDCPA was an earlier lawsuit filed in Baton Rouge, Louisiana City Court by Braud.  Acting as a collection attorney, Braud sued the Addisons on behalf of his client, Guaranty Credit Plan, Inc., on an overdue promissory note.  When a few months passed without the Defendant's addressing the merits of the suit, Braud obtained a default judgment against the Addisons.  The Addisons later declared bankruptcy, and had the underlying debt discharged.

Several months after the state court judgment was entered, the Addisons sued Braud in federal district court alleging violations of the FDCPA.  The Addisons argued that Braud violated

1

the venue provision of the FDCPA, § 1692i, by filing his state court action in Baton Rouge City Court.  Section 1692i prohibits debt collectors[1] from bringing legal action to enforce a debt anywhere but the judicial district or similar legal entity where the consumer signed the contract sued upon or in which the consumer resides when the action is commenced.

The Addisons executed the promissory note for the stereo in Baker, Louisiana.  When Braud sued them, the Addisons lived in Baker.  Since Baker has its own city court, and since it is outside the City of Baton Rouge, the Addisons argue Braud violated the venue provision by not filing in the proper judicial district or similar legal entity.

The Addisons also claimed that Braud violated 15 U.S.C. § 1692e[2] because his original complaint and the default judgment sought interest on the underlying debt at a rate illegal under Louisiana law.  The petition filed by Braud contained the statement:  "A finance charge of 35.91% was charged on the original amount of this loan and the same is due on this amount from August 3, 1994 until paid."  The default judgment against the Addisons, drafted by Braud, also stated as due the underlying debt, "plus interest thereon at the rate of 35.91% annum from August 3, 1994

---

[1]As the Supreme Court recently held in *Heintz v. Jenkins*, the FDCPA applies to attorneys who regularly engage in debt collection litigation.  --- U.S. ----, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

[2]Section 1692e prohibits any "false, deceptive or misleading representations or means in connection with the collection of any debt," and its subsections contain a nonexclusive list of conduct which violates the FDCPA.

2

until paid." La. R.S. 9:3522 permits post maturity interest on a debt to be charged at the underlying contract rate for one year, but prohibits interest thereafter at a rate higher than 18% per annum. The Addisons argue that by obtaining a default judgment for the contract rate of 35.91% "until paid," a non specific time period, Braud violated the one year limit of La. R.S. 9:3522 and thereby violated the FDCPA.

Braud moved for summary judgment and the Addisons responded with their own motion for partial summary judgment. The district court ruled in favor of Braud.

DISCUSSION

While the parties did not focus on this issue, we find it dispositive that under Louisiana law, Baton Rouge City Court did not have jurisdiction over the Addisons. La. R.S. 13:1952(4)(a) makes clear that Baton Rouge City Court only has territorial jurisdiction throughout the territorial area of the City of Baton Rouge. That does not include the town of Baker. Its jurisdiction is therefore limited to people who live in the City of Baton Rouge, or cases arising in the City of Baton Rouge. Baker is not within the territory of the City of Baton Rouge. The Addisons do not reside in Baton Rouge, nor did the case arise in Baton Rouge. For those reasons, Baton Rouge City Court had no jurisdiction over the Addisons.

Section 1692i directs that debt collectors file collection actions in one of two judicial districts or similar legal entities: where the contract sued upon was signed, or where the consumer

3

lives when the collection action is initiated.  Section 1692k of the FDCPA makes collectors who fail to comply with any other section of the subchapter liable for civil damages.  Braud is liable under that section for filing suit in the wrong court.

While § 1692i is primarily concerned with ensuring collection actions are filed in a venue convenient to the debtor, it follows that filing in a court which is not only not the proper venue but which is also without jurisdiction over the debtor also violates that section.  The fact Baton Rouge City Court had no jurisdiction over the Addisons means by definition Braud filed suit outside the judicial district or similar legal entity where the debtor resided or signed the note, violating § 1692i.

Since this issue is dispositive of the appeal, it is unnecessary to reach the other arguments raised by the Addisons.

Judgment is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.