United States Court of Appeals,

Fifth Circuit.

No. 95-31237.

Dixie Vidrine POIRIER, Plaintiff-Appellant,

v.

ALCO COLLECTIONS, INC. and James Allen, Defendants-Appellees.

March 17, 1997.

Appeal from the United States District Court for the Middle District of Louisiana.

Before HIGGINBOTHAM, DUHÉ and BENAVIDES, Circuit Judges.

DUHÉ, Circuit Judge:

Dixie Vidrine Poirier sued Alco Collections, Inc., and Alco's president, James Allen, for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The district court granted summary judgment in favor of Alco and Allen, and Poirier appealed. Because of an intervening Louisiana Court of Appeals decision, we reverse the district court and remand.

BACKGROUND

Poirier allegedly owed Savoy Plaza Apartments $1655.00 for three months' unpaid rent and late fees on her lease. Savoy Plaza assigned Poirier's debt to Alco Collections, Inc., a collection agency. Alco promised to make a good faith effort to collect the debt, and agreed to pay Savoy Plaza fifty percent of any sum it collected from Poirier.

Alco mailed a demand to Poirier demanding payment for three months' rent and late fees, plus an additional $68 for the court costs of an eviction proceeding brought earlier by Savoy Plaza.

1

Poirier did not pay and Alco, through its president, James Allen, filed suit against Poirier in Baton Rouge City Court. Neither Allen nor Alco is an attorney at law. The complaint against Poirier claimed $1655.00, and did not include the additional $68 in court costs Alco had initially demanded. Allen later claimed it inadvertently omitted the $68 fee from its complaint.

Poirier answered Alco's petition, denying she was indebted to Savoy Plaza and contending that Savoy Plaza's assignment to Alco was invalid. She then filed a peremptory exception of no cause of action, arguing that Savoy Plaza's assignment was void as it purported to authorize Alco, a lay entity, to take legal action against her. The city court denied the motion, and Poirier applied for supervisory writs with the Louisiana Court of Appeals, alleging the city court erred in denying the exception.

While the state court case proceeded, Poirier filed this suit in federal district court against Alco and Allen, alleging violations of the FDCPA. She claimed Alco and Allen had engaged in the unauthorized practice of law by filing suit against her. She also contended Alco and Allen misrepresented the amount of her alleged debt when they demanded one sum in the demand letter and another in the complaint.

Poirier moved for partial summary judgment against both defendants, and Alco and Allen responded with a cross motion for summary judgment. The district court held in favor of Alco and Allen. It found the assignment of a debt to a collection agency, and the collection agency's subsequent lawsuit on that debt, was

2

not against the law or public policy of Louisiana. The court then found Poirier failed to establish Alco and Allen made a false representation. It stated that even if the defendants misrepresented the amount of the debt by inadvertently omitting the $68 eviction fee from the petition, 15 U.S.C. § 1692k(c) provides debt collectors with a "bona fide error" defense.

Poirier now appeals the judgement of the district court.

DISCUSSION

Poirier first contends the district court erred in holding the assignment of a debt to a collection agency on a contingency fee basis is not against public policy and therefore void. Next, she claims the district court erred in finding the Collection Agency Regulation Act ("CARA"), LSA-R.S. 9:3576.1 *et seq.,* supported its holding that the assignment of debts to collection agencies on a contingency fee basis is not against public policy. Her third claim is that the district court incorrectly found the omission of the $68 eviction fee from the state court petition was not a misrepresentation under the FDCPA. Finally, she argues this error was not protected by the "bona fide error" defense of 15 U.S.C. § 1692k(c).

I.

Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692. As such, the FDCPA enumerates several practices considered contrary to that goal, and forbids debt collectors from taking such action. Poirier alleges that Alco and Allen violated both 15 U.S.C. § 1692e(5) and

3

15 U.S.C. § 1692e(2)(A).

Congress provided in § 1692e that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * * * * *

(5) The threat to take any action that cannot legally be taken....

15 U.S.C. § 1692e. Any debt collector who fails to comply with a provision of the FDCPA, with respect to any person, is liable to such person for civil damages. 15 U.S.C. § 1692k(a).

To violate § 1692e(5), Alco and Allen must have threatened to take action which they were in fact prohibited by law from taking. Poirier claims the assignment from Savoy Plaza to Alco, allowing Alco a 50% contingency fee, had an unlawful purpose under Louisiana law and was null and void. She argues that non-lawyer debt collectors who attempt to collect for clients in this manner are engaged in the unauthorized practice of law. Since Louisiana law prohibits non-lawyers from practicing law, LSA-R.S. 37:213; *Duncan v. Gordon,* 476 So.2d 896, 897 (La.App. 2nd Cir.1985), Alco and Allen threatened to take, and actually took, action they were not legally permitted to take.

When it granted summary judgment for Alco and Allen, the district court focused on the validity of the assignment itself under CARA. The court found CARA created a presumption that a claim assigned to a collection agency is conclusively presumed valid as long as a copy of the assignment is filed with the petition when

4

the collector files suit, and the debtor does not object. The court reasoned that the fact that a presumption of validity of an assignment can arise, even if a non-lawyer collection agency is the party to file suit, showed that non-lawyer collection agencies filing suit to collect on debts are not against the law or public policy of Louisiana. Alco's suit therefore did not constitute the unauthorized practice of law. The district court then declined to address whether CARA infringes upon the judicial function of regulating the practice of law.

## II.

While Poirier's federal action has proceeded through the courts, her state court appeal in the original action has continued.[1] The Louisiana Court of Appeals for the First Circuit granted Poirier's application for writ of certiorari, and issued a thorough opinion which now guides our decision. *Alco Collections, Inc. v. Poirier,* 680 So.2d 735 (La.App. 1 Cir.1996), *writ denied,* --- So.2d ----, No. 96-CC-2628 (La., Dec. 13, 1996).

In its opinion, issued after briefs were filed and argument heard in this federal action, the Court of Appeals held that the act of assignment from Savoy Plaza to Alco did not convey an ownership interest in Poirier's debt. The court first stated Savoy's Act of Assignment[2] did not state any monetary consideration

---

[1]We learned this only during oral argument. We then suspended this proceeding pending final decision in the state courts.

[2]Savoy Plaza and Alco had effected their "transfer" in an agreement titled merely "Assignment." That document provided:

*SAVOY PLAZA APARTMENTS*, (hereinafter "Client"), hereby

for the transfer, making the payment of consideration contingent upon the success of Alco's collection efforts, and therefore failed to provide for a price. *Poirier,* 680 So.2d at 741. As well, while some of the language in the agreement purported to transfer the debt, the plain wording of the *entire* agreement did not manifest an intent to transfer ownership of the debt to Alco. *Id.*

---

assigns unto Alco Collections, Inc. (hereinafter "Alco"), the following debt, presently owed to Client:

DIXIE V. POIRIER # 264

As consideration for the above assignment, ALCO hereby agrees to make a good faith effort to collect this debt, including the filing of suit in the appropriate court of law in order to enforce that debt, and remit to client 50.00% of all sums collected through suit or otherwise on said debt. ALCO further agrees to adhere to the Far Debt Collection Practices Act and the laws of the State of Louisiana, and hold client harmless from any and all liabilities arising out of or in connection with ALCO's breach of the laws governing collection practices or terms of this agreement, and will indemnify client of any loss resulting from the breach.

Client hereby agrees to notify ALCO immediately if any payments on the above account are received in Client's office, and to the extent necessary, adhere to the Fair Debt Collection Practices Act and the laws of the State of Louisiana, and hold ALCO harmless from any and all liabilities arising out of or in connection with Client's breach of the laws governing collection practices or terms of this agreement and will indemnify ALCO for any loss resulting from the breach.

Additionally, the parties agree that ALCO shall pay all costs of collecting the above account, including but not limited to, filing fees, sheriff's fees, and the cost of certified mailings.

In addition to transferring ownership of the above debt to ALCO, it is also the intent of Client hereby to transfer to ALCO all security rights which accompany that debt, including, but not limited to any lessor's privilege to which Client is entitled.

The Louisiana court then proceeded to determine whether, since the assignment did not transfer an ownership interest in the Poirier debt to Alco, its filing suit to enforce that debt constituted the unauthorized practice of law. LSA-R.S. 37:213(1) makes it unlawful for an unlicensed person to practice law. LSAR.S. 37:212(A) defines the "practice of law" as appearing in a representative capacity as an advocate in any court in the state, or advising, helping or acting for another in legal matters for compensation. LSA-R.S. 37:212 does not prevent persons from acting on behalf of themselves in legal matters.

"Any contract made by a non-lawyer to render services in violation of LSA-R.S. 37:213 is for an unlawful cause." *Poirier,* 680 So.2d at 743. Alco was not licensed to practice law in Louisiana. Alco's actions in filing suit to collect the debt constituted the practice of law. Since the assignment between Savoy Plaza and Alco did not transfer an ownership interest in Poirier's debt, Alco was not authorized under Louisiana law to collect this debt. Its actions therefore constituted the unlawful practice of law. *Id.* at 744.[3]

### III.

As the Louisiana courts have found Alco's actions in filing suit against Poirier constituted the unauthorized practice of law,

---

[3]The Louisiana Court of Appeals specifically declined to reach an issue which Poirier also raises in her appeal to this Court: whether the Collection Agency Regulation Act, LSA-R.S. 9:3576.1 *et seq.,* which purports to authorize a non-lawyer to institute a lawsuit on behalf of a client to collect a debt, infringes upon the judicial function. *Poirier,* 680 So.2d at 745.

7

there is no longer any dispute that Alco violated § 1692e(5) of the FDCPA when it took "action that cannot legally be taken" against Poirier.  As such, Poirier has a valid FDCPA action.  Alco and Allen are liable to Poirier for civil damages under § 1692k(a).

Since we find Alco and Allen violated the FDCPA when they engaged in the unauthorized practice of law, we resolve this appeal on those grounds and decline to address the other issues raised by Poirier.

Judgment is REVERSED, and the case is REMANDED for entry of partial summary judgment for Poirier that Alco and Allen are liable under the FDCPA, and for determination of damages.

REVERSED AND REMANDED.