Ted **HARDING**, II

v.

Ann H. **REGENT**

No. CIV.A.4:04–CV–524–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

Nov. 23, 2004.

---

Jerry J. Jarzombek, Law Office of Jerry Jarzombek, Fort Worth, TX, for Plaintiff.

Henry A. Jakob, Hughes Watters & Askanase, Houston, TX, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

MEANS, District Judge.

Pending before the Court is defendant Ann H. Regent's Rule 12(b)(6) Motion to Dismiss [doc. # 4–1], filed August 9, 2004. Having carefully reviewed the motion, response, and reply, the Court finds that the motion should be DENIED.

Regent is an individual engaged in the business of collecting consumer debts. Regent filed suit in state court against plaintiff Ted Harding, II for a debt Harding allegedly owed non-party Citibank. Harding answered that suit through counsel on March 1, 2004. A copy of Harding's answer was served upon Regent via receipted facsimile transmission; a transaction report shows Harding's answer was received at 5:43 p.m. on March 1. Thereafter, Harding received the following communications at his home by or on behalf of Regent: (1) on March 11, a collection letter from Regent that was dated March 6 and postmarked on March 9; (2) on April 1, discovery responses and a certificate of written discovery on Harding dated March 29; (3) on April 28, a voice message from Benny Cole, an employee or agent of Regent; (4) on June 14, a voice message from Tanya Cole, an employee or agent of Regent; (5) on or about June 17, a collection letter from Regent dated June 14 and postmarked June 15; and (6) on June 21, a letter dated June 18 informing Harding that Regent would, pursuant to Harding's request, cease further communications with Harding and also notifying Harding that, unless Harding disputed the validity of the debt within 30 days of the letter's date, the debt would be assumed valid. On July 14, Harding filed suit in this Court, asserting the following claims: (1) violation of 15 U.S.C. § 1692c(a)(2); (2) violation of 15 U.S.C. § 1692d; (3) violation of 15 U.S.C. § 1692f; (4) violation of 15 U.S.C. § 1692e, § 1692e(2)(a), § 1692e(5), 1692e(10); (5) violation of Texas Finance Code § 392.301(a)(8); and (6) violation of Texas Finance Code § 392.304(a)(8). On August 9, Regent moved for dismissal of Harding's claims for failure to state a claim upon which relief could be granted.

"[A] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983) (quoting 5B Wright & Miller, *Federal Practice and Procedure* § 1357 (1969)). The court must accept as

true all well pleaded, non-conclusory allegations in the complaint, and must liberally construe the complaint in favor of the plaintiff. *See Kaiser Aluminum*, 677 F.2d at 1050. However, conclusory allegations, unwarranted deductions of fact, or "legal conclusions masquerading as factual conclusions will not suffice to prevent [the granting of] a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993); *see Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir.1997); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 930 (5th Cir.1995). A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt from the face of the plaintiff's pleadings that he can prove no set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir.1991); *Kaiser Aluminum*, 677 F.2d at 1050.

■ Title 15 U.S.C. § 1692c(a)(2) provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . .

15 U.S.C. § 1692c(a)(2) (2004). Regent argues that a claim pursuant to § 1692c(a)(2) requires the debtor to plead facts showing the debt collector's actual knowledge that the debtor is represented by counsel. Regent further argues that "Harding has not and cannot allege a single fact constituting actual knowledge by Regent," and that therefore dismissal is appropriate. (Mot. to Dismiss at 4.) The Court disagrees. Harding stated in his complaint that after Regent filed suit against him in state court his attorney filed an answer to that complaint and sent a copy of that answer to Regent via facsimile. Under these circumstances, the Court cannot state that Harding will be unable to prove any set of facts showing that Regent knew that Harding was represented by counsel. Harding may be able to show that the filing of the answer and the transmittal of that answer via facsimile to Regent conferred sufficient knowledge upon Regent to hold Regent accountable pursuant to § 1692c(a)(2). For this reason, Regent's motion for dismissal of this claim must be denied.

Regent's arguments for dismissal concerning Harding's other federal debt collection claims must also be denied. In his complaint, Harding alleges that Regent's conduct violated both § 1692d and § 1692f. Title 15 U.S.C. § 1692d prohibits debt collectors from engaging in conduct that harasses, oppresses, or abuses any person in connection with the collection of a debt. *See* 15 U.S.C. § 1692d (2004). Title 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f (2004). Regent contends that "Plaintiff's complaint is devoid of assertions showing harassing, oppressing, abusing, unfair or unconscionable conduct," arguing that "[a] mere failure to ascertain that the debtor is represented by counsel states no claim under § 1692d and § 1692f." (Mot. to Dismiss at 4.) The Court, however, cannot agree. Harding may be able to show that the repetitive

communication with Harding by Regent at his home when Harding was represented by counsel constituted harassing, oppressing, abusing, unfair or unconscionable conduct by Regent. Since Harding may be able to make such a showing, the situation is not one where Harding can prove no set of facts in support of his claim, and thus a dismissal is unwarranted.

■ Title 15 U.S.C. § 1692e generally prohibits the use of any false, deceptive, or misleading representations or means to collect a debt. In his complaint, Harding maintains that Regent violated the following provisions of § 1692e:. (1) § 1692e(2)(a), which prohibits the false representation of the character, amount, or legal status of any debt; (2) § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken; and (3) § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Regent argues that Harding's complaint is devoid of any allegations of false, deceptive, or misleading representations or means in violation of § 1692e. However, in his complaint Harding referenced Regent's June 18th letter which notified Harding that unless Harding disputed the validity of the debt within 30 days of the letter's date the debt would be assumed valid; this could be a basis for a § 1692e claim. Harding may be able to show that the deadline given in the letter was inappropriate and erroneous because Harding disputed the debt through his counsel when his counsel filed Harding's answer to the underlying dispute. If Harding can make such a showing, it may constitute false, deceptive, or misleading representations by Regent. For this reason, the Court concludes that Harding has stated a claim upon which relief may be granted, and that dismissal of his § 1692e claims would be inappropriate.

Finally, Regent attacks Harding's Texas Finance Code claims. Texas Finance Code § 392.301(a)(8) provides that "[i]n debt collection, a debt collector may not use threats, coercion, or attempts to coerce that... threaten[ ] to take an action prohibited by law." TEX. FINANCE CODE ANN. § 392.301(a)(8) (2004). Regent contends that Harding "does not identify any act that Regent threatened to take that is prohibited by law." (Mot. to Dismiss at 6). Regent's alleged communications by Regent to Harding at his home, however, may violate federal law, and Harding's assertion that the Federal Debt Collection Practices Act was violated by Regent's conduct may fall within the confines of Texas Finance Code § 392.301(a)(8). Regent has therefore failed to show that Harding can prove no set of facts that could prove his § 392.301(a)(8) claim. Likewise, Harding's claim pursuant to § 392.304(a)(8), which prohibits a debt collector from using false, deceptive, or misleading representations that "misrepresent[ ] the character, extent, or amount of a consumer debt, or misrepresent[ ] the consumer debt's status in a judicial or governmental proceeding," should not be dismissed. TEX. FINANCE CODE ANN. § 392.304(a)(8) (2004). Regent's June 18th letter shows that Regent continued to treat Harding's debt as being undisputed. Harding, however, may be able to show that the answer his attorney filed on his behalf contested the validity of the underlying debt. Harding has therefore stated claims upon which relief could be granted. The Court therefore concludes that Harding's Texas Finance Code claims should not be dismissed.

Therefore, it is ORDERED that Regent's Rule 12(b)(6) Motion to Dismiss [doc. # 4–1] is DENIED.