**John W. EADS, Plaintiff,**

v.

**WOLPOFF & ABRAMSON, LLP, Defendant.**

**No. EP–07–CV–229–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Feb. 27, 2008.

Ahmad Keshavarz, The Law Office of Ahmad Keshavarz, Brooklyn, NY, Alberto Mesta, Jr., Texas Riogrande Legal Aid, Inc., El Paso Migrant Office, Jaime Sanchez, El Paso Legal Assistance, El Paso, TX, Virginia Marie Schramm, Texas Riogrande Legal Aid, Inc., San Antonio, TX, for Plaintiff.

Stewart W. Forbes, Susan M. Forbes, Forbes Forbes, El Paso, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant Wolpoff & Abramson, LLP's ("Wolpoff") "Motion to Dismiss and Memorandum of Points and Authorities in Support Thereof," filed on August 3, 2007; Plaintiff John W. Eads's ("Eads") "Original Memorandum in Opposition to Wolpoff's Motion to Dismiss for Failure to State a Claim," filed on August 21, 2007; and Wolpoff's "Reply to Plaintiff's Response to Motion to Dismiss," filed on August 31, 2007, in the above-captioned cause. After due consideration, the Court is of the opinion that Wolpoff's Motion to Dismiss should be granted in part and denied in part for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

■ Wolpoff is a law firm practicing in the field of consumer debt collection. Def.'s Mot. to Dismiss Exs. 1–2. The instant suit arises in connection with a suit filed in state court by Wolpoff on behalf of its client, MBNA America Bank, N.A. ("MBNA"), against Eads. Acting on behalf of MBNA, Wolpoff initiated a suit in the 34th Judicial District Court of El Paso County, Texas on March 29, 2006, (hereinafter "the state court action") against Eads by filing an "Original Petition to Confirm Arbitration Award." The state court action sought to enforce an arbitration award arising out of a debt which Eads allegedly owed to MBNA pursuant to a credit agreement.[1] Pl.'s Resp. ¶ 10. On September 4,

---

1. Eads contends he "was never notified of the arbitration [and] had no knowledge of the alleged debt; it is the result of the theft of his identity." Pl.'s First Am. Compl. ¶ 7.

2006, Wolpoff moved for summary judgment on behalf of MBNA in the state court action.[2] Def.'s Mot. to Dismiss 2.

On June 26, 2007, Eads filed his Original Complaint with the Court, asserting Wolpoff violated the law in various respects in connection with the state court action. Pl.'s Org. Compl. ¶¶ 7–41. On August 3, 2007, Wolpoff filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Wolpoff argues that Eads fails to state a claim upon which relief can be granted. On August 21, 2007, Eads filed his First Amended Complaint, wherein he amended his Original Complaint and alleged Wolpoff violated: (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.;* (2) the Texas Debt Collection Act ("TDCA"), Texas Finance Code § 392.001 *et seq.;* and (3) the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), Texas Business and Commerce Code § 17.50(h).[3] Pl.'s First Am. Compl. ¶¶ 15–30.

## II. LEGAL STANDARD

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). However, "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982). The Court must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am.*

---

**2.** Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice that the state court action remains pending.

**3.** The Court need not resolve whether Eads is obligated to satisfy the arbitration award in order to address the instant Motion. *See Stolicker v. Muller, Muller, Richmond, Harms,*

*Ins. Co.,* 322 F.3d 883, 885 (5th Cir.2003) (internal quotation omitted).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* —— U.S. ——, ——– ——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)).

A Rule 12(b)(6) motion challenging the adequacy of a pleading must be evaluated in light of the liberal "notice pleading" requirements of Rule 8 of the Federal Rules of Civil Procedure. *Walker v. South Cent. Bell Tel. Co.,* 904 F.2d 275, 277 (5th Cir.1990). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Under this standard, "a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Gen. Star. Indem. Co. v. Vesta Fire Ins. Corp.,* 173 F.3d 946, 950 (5th Cir.1999).

## III. ANALYSIS

### A. FDCPA Claims

Eads alleges Wolpoff violated several provisions of the FDCPA. Specifically, but without limitation,[4] Eads claims Wol-

---

*Myers, and Sgroi, P.C.,* 387 F.Supp.2d 752, 753 (W.D.Mich.2005) ("[L]iability for the debt does not affect whether [the defendant]'s collection practices violated the FDCPA.").

**4.** Eads makes clear these five violations are not exhaustive. Pl.'s First Am. Compl. ¶ 18.

poff: (1) misrepresented the character, status, and amount of the debt; (2) threatened to take, and actually took, an act prohibited by law; (3) contacted him directly despite knowing he was represented by counsel in connection with the debt; (4) failed to provide him with notice of his right to verify and dispute the debt; and (5) harassed, oppressed, or abused him by continuing to attempt collection of the disputed debt.[5] Pl.'s First Am. Compl. ¶ 18. Wolpoff argues Eads "cannot prove any set of facts" which would entitle him to relief. Def.'s Mot. to Dismiss 4–6.

■ The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It "prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins,* 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

1. Misrepresenting the character, nature or amount of debt in violation of § 1692f(1)

■ Eads maintains Wolpoff violated the FDCPA by filing a petition in state court seeking to recover from Eads " 'the current amount of $13,397.23,' " which is "$225.00 more than the amount of the arbitration award, $13,172.23." Pl.'s First Am. Compl. ¶ 18 (quoting Pl.'s Org. Pet. to Confirm Arb. Award ¶ 8).

Wolpoff argues Eads cannot show a violation of § 1692f(1) because Wolpoff filed a "Supplemental Trial Petition" in the state court action, wherein the amount of recovery sought was changed from $13,397.23 to $13,172.23. Def. Mot. to Dismiss 4. Neither party disputes that $13,172.23 is the accurate value of the arbitration award, or

that Wolpoff originally filed a claim seeking $13,397.23.

§ 1692f(1) prohibits a debt collector from collecting or attempting to collect any amount, including interest, fees, charges, or expenses incidental to the principal obligation, "unless such amount is expressly authorized by the agreement creating the debt." 15 U.S.C. § 1692f(1). Debt collectors are entitled to a good faith defense for conduct which otherwise violates the FDCPA. *Id.* at § 1692k(c). To invoke this defense, a party must show "that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." *Id.*

In the Supplemental Trial Petition filed in the state court action, Wolpoff admitted that the amount of recovery set forth in the Original Petition to Confirm Arbitration Award "consisted of the arbitration award ... and the filing fees incurred in the filing of this petition in this court, which at that point were in the sum of $225.00." Def. Mot. to Dismiss Ex. 2. Though Wolpoff amended the state court petition to reflect the accurate value of the arbitration award, it can still be held liable for violating the FDCPA. *See Goins v. JBC & Assocs., P.C.,* 352 F.Supp.2d 262 (D.Conn.2005) (holding that the defendants violated the FDCPA by overstating the amount of debt due though they later clarified their misrepresentation). There is no indication that Wolpoff had authority to collect any of the costs associated with pursuing the arbitration award, including filing fees. Wolpoff has not invoked the statutory good faith defense, or otherwise asserted that the amount of debt was stated in error. Thus, the Court finds Eads

5. Eads's TDCA claims are premised on the same factual allegations as his FDCPA claims. Pl.'s First Am. Compl. ¶ 24. Accordingly, the Court's analysis with respect to the FDCPA claims applies similarly to the TDCA claims.

states a legally cognizable claim that Wolpoff's collection efforts violated § 1692f(1).

2. Threatening to and actually taking an act prohibited by law in violation of § 1692e(5)

 To violate § 1692e(5), Wolpoff "must have threatened to take action which [it was] in fact prohibited by law from taking." *Poirier v. Alco Collections,* 107 F.3d 347, 349 (5th Cir.1997). A debt collector may be liable for violating § 1692e(5) if it adds an unauthorized collection fee to the amount of debt owed. *Newman v. Checkrite Cal., Inc.,* 912 F.Supp. 1354 (E.D.Cal.1995).

Eads alleges Wolpoff acted to collect an unlawful amount of debt by adding an unauthorized $225.00 filing fee to the value of the arbitration award. Pl.'s Resp. ¶ 10. Thus, Eads sets forth a legally cognizable claim that Wolpoff undertook an unlawful action and violated § 1692e(5).[6] Accordingly, the Court finds Eads states a claim upon which relief may be granted.

3. Communicating with a debtor with knowledge that the debtor is represented by counsel in violation of §§ 1692b and 1692c

 Eads alleges Wolpoff "bypassed [Eads's] attorney of record and communicated directly with [Eads] ... when it knew [he] was represented by counsel" when it served him with a copy of the summary judgment motion filed in the state court action and a notice of a hearing

on the matter. Pl.'s First Am. Comp. ¶ 11. Wolpoff maintains its pleadings are immune from liability because "delivery of pleadings in pending litigation to parties is absolutely privileged." Def.'s Mot. to Dismiss 5.

A debt collector may not contact a consumer who it knows to be represented by counsel with respect to a debt. 15 U.S.C. §§ 1692b(6) & 1692c(a)(2). Contrary to Wolpoff's assertion, Eads does not contend that the state court documents themselves violate §§ 1692b(6) and 1692c(2).[7] Rather, Eads alleges that Wolpoff's efforts to serve him, rather than his attorney, with the documents violate the FDCPA. Pl.'s First Am. Comp. ¶ 18.

 Lawyers engaged in consumer debt collection litigation may be held liable for violating the FDCPA. *Heintz,* 514 U.S. at 294, 115 S.Ct. 1489; *see also Addison v. Braud,* 105 F.3d 223, 224 n. 1 (5th Cir.1997) ("[T]he FDCPA applies to attorneys who regularly engage in debt collection litigation."). According to the Supreme Court, "a lawyer who regularly tries to obtain payment of consumer debt through legal proceedings is a lawyer who regularly 'attempts to collect' those consumer debts," and thus falls within the FDCPA's statutory definition of a debt collector. *Id.* Recently, the Fourth Circuit Court of Appeals held that a law firm was not immune from a FDCPA claim premised on statements made in its interrogatories and summary judgment motion.

6. Though Wolpoff amended the amount sought in the Original Petition to Confirm Arbitration Award by filing the Supplemental Trial Petition, Eads alleges Wolpoff violated § 1692e(5) when it filed the Original Petition and sought to collect an amount greater than the arbitration award.

7. Even if Eads had premised Wolpoff's liability upon the state court pleadings, Wolpoff is not entitled to immunity. Federal courts

have held that FDCPA and TDCA claims "can be premised on flawed legal proceedings." *Gibson v. Grupo de Ariel, LLC,* No. 4:05–CV–415–BE, 2006 WL 42369, *4 (N.D.Tex. Jan.9, 2006) (upholding a claim that the defendant-attorney violated the TDCA by filing a debt collection suit in the wrong court); *see also Goldman v. Cohen,* 445 F.3d 152, 155 (2d Cir.2006) (holding that an "initial communication" within the meaning of the FDCPA includes the initiation of a lawsuit).

*Sayyed v. Wolpoff & Abramson,* 485 F.3d 226 (4th Cir.2007). The court explained that the FDCPA applies "to law firms that constitute debt collectors, even where their debt-collecting activity is litigation."[8] *Id.* at 229.

Wolpoff cites several cases to support its proposition that it is immune from suit because the actions challenged by Eads occurred with the context of a judicial proceeding. In these cases, the plaintiffs raised common law actions for defamation, libel and/or slander, and the courts held that statements or communications made in connection with a judicial proceeding could not be the basis for liability of these claims. *See, e.g., Shanks v. Alliedsignal, Inc.,* 169 F.3d 988, 992 (5th Cir.1999) (immunity from defamation, civil conspiracy, fraud and negligence); *Taliaferro v. Sims,* 187 F.2d 6, 8 (5th Cir.1951) (immunity from libel); *Knox v. Taylor,* 992 S.W.2d 40, 53 (Tex.App.-Houston [14th Dist.] 1999) (immunity from defamation); *Daystar Residential, Inc. v. Collmer,* 176 S.W.3d 24, 27 (Tex.App.-Houston [1st Dist] 2004) (immunity from libel and slander).

The instant action is distinguishable from the cases upon which Wolpoff relies because Eads alleges violations of the FDCPA, a statute which courts have held provides a cause of action for violations occurring in connection with judicial proceedings. *See, e.g., Heintz,* 514 U.S. at 294, 115 S.Ct. 1489 (subjecting debt collection attorneys to FDCPA liability); *Goldman v. Cohen,* 445 F.3d 152, 155 (2d Cir.2006) (initiation of a lawsuit actionable under the FDCPA). Accordingly, the Court finds Wolpoff is not immune from liability under the FDCPA.[9]

Considering the claims before the Court, on July 20, 2006, Eads's counsel entered an appearance in the state court action. Def.'s Mot. to Dismiss Ex. 4. Eads alleges Wolpoff served him with pleadings filed in the state court action on September 5, 2006, and May 23, 2007. If true, these allegations may establish Wolpoff communicated directly with Eads after it knew that Eads was represented by counsel. Accordingly, the Court concludes Eads sets forth a claim under §§ 1692b(6) & 1692c(a)(2) upon which relief can be granted.

4. Failing to provide a validation notice in violation of § 1692g

■■■ Eads alleges Wolpoff failed to provide him with a validation notice as required by § 1692g. Pl.'s First Am. Compl. ¶ 18. Wolpoff argues "[n]o set of facts are alleged by Eads or can be raised by Eads of specific instances that would demonstrate a violation of ... § 1692g." Def.'s Mot. to Dismiss 6.

8. Wolpoff's reliance on *Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926 (9th Cir.2006), is misplaced. *Guerrero* did not address whether a law firm is immune from liability under the FDCPA. At issue in *Guerrero* was whether the FDCPA applies to communications sent to a debtor's attorney, which question the Ninth Circuit answered in the negative. *Id.* at 939 ("The Act was meant to shield debtors from abusive collection practices, but it was never intended to shift the balance of power between debtors and creditors such that a debt collector cannot work with a debtor's attorney to settle claims without exposing itself to liability.").

9. Wolpoff argues it is immune from liability under the TDCA because "a lawyer is 'qualifiedly immune' from civil liability, with respect to non-clients, for actions taken in connection with representing a client in litigation." Def.'s Mot. to Dismiss 8. To the contrary, the TDCA expressly makes actionable misleading representations made in judicial proceedings. TEX FIN.CODE § 392.304(a)(8); *see also Gibson v. Grupo de Ariel, LLC,* No. 4:05–CV–415–BE, 2006 WL 42369, *4 (N.D.Tex. Jan.9, 2006) (holding that filing a lawsuit in the wrong court is actionable under the TDCA).

§ 1692g requires a debt collector to inform a debtor of his or her right to seek validation of the debt and dispute the validity of the debt. 15 U.S.C. § 1692g(a).

In the instant action, Eads alleges "[Wolpoff] failed to provide [Eads] the validation notice required by 15 U.S.C. § 1692g within five days of its initial communication with [Eads]." Pl.'s First Am. Compl. ¶ 18. Wolpoff does not allege that it provided Eads with the requisite notice. Thus, the Court finds Eads establishes allegations which, if true, would entitle him to relief.

5. Harassing, oppressing, or abusing a debtor in violation of § 1692d

■■■ Eads alleges Wolpoff harassed, oppressed, or abused him in violation of § 1692d by continuing to attempt collection of the disputed debt. Pl.'s First Am. Compl. ¶ 18. Eads further alleges that "[Wolpoff] has been put on notice again and again that Eads does not owe the debt upon which it is seeking to collect." *Id.* Wolpoff maintains Eads fails to set forth facts which establish a violation of § 1692d. Def.'s Mot. to Dismiss 6.

§ 1692d prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Eads has alleged conduct which courts have found to be harassing, oppressive, and/or abusive. *See, e.g., Harding v. Regent,* 347 F.Supp.2d 334, 336–37 (N.D.Tex. 2004) (finding an actionable § 1692d claim where the plaintiff alleged the defendant continued to communicate with him after he retained counsel); *Thrasher v. Cardholder Servs.,* 74 F.Supp.2d 691, 693 (S.D.Miss.1999) (finding an actionable claim where the plaintiff alleged she "received harassing, intimidating, and threatening phone calls from the Defendants.").

The Court thus finds Eads states a legally cognizable claim.

**B. DTPA Claim**

■■■ Eads seeks equitable relief pursuant to the DTPA. Specifically, he requests "a permanent injunction barring [Wolpoff] from again taking actions that form the basis of this suit." Pl.'s First Am. Compl. ¶ 27.

■■■ A violation of the TDCA is a "deceptive trade practice" under the DTPA. Tex. Fin.Code § 392.404. The DTPA allows a prevailing party to obtain equitable relief, such as an injunction. Tex. Bus. & Com.Code § 17.50(b). "[A] plaintiff must qualify as a 'consumer' in order to having standing to bring an action under the DTPA." *Marketic v. U.S. Bank Nat'l Ass'n,* 436 F.Supp.2d 842, 854–55 (N.D.Tex.2006). A "consumer" is "an individual ... who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com.Code § 17.45(4). "Merely obtaining a loan or an extension of credit does not qualify one as a 'consumer.'" *Marketic,* 436 F.Supp.2d at 855. "The DTPA applies to a loan transaction if the borrower's objective is to use the loan to purchase goods or services." *Williams v. Countrywide Home Loans, Inc.,* 504 F.Supp.2d 176, 195 (S.D.Tex.2007).

Eads does not allege or otherwise establish that he is a consumer within the meaning of the DTPA. The Court cannot determine his objective concerning the debt because he claims that he did not authorize the transaction. *See La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex.1984) (finding no cause of action existed under the DTPA where the plaintiff disputed a purported extension of credit). Thus, the Court finds that Eads lacks standing to bring a DTPA claim and therefore, his claim should be dismissed as a matter of law.

**990**

## IV. CONCLUSION

Based on the foregoing analysis of facts and legal principles, the Court concludes that Wolpoff's Motion to Dismiss should be granted in part and denied in part.

Accordingly, **IT IS ORDERED** that Defendant Wolpoff & Abramson, LLP's "Motion to Dismiss and Memorandum of Points and Authorities in Support Thereof" (Docket No. 4) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff John W. Eads's claim alleging a violation of the Texas Deceptive Trade Practices and Consumer Protection Act is **DISMISSED WITHOUT PREJUDICE.**