**Opinion issued September 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00306-CV

———————————

## ANN DOUGLAS AASE, Appellant

## V.

## BUCKLEY MADOLE, P.C., Appellee

---

### On Appeal from the 127th District Court
### Harris County, Texas
### Trial Court Case No. 2017-33659-A

---

## MEMORANDUM OPINION

Appellant Ann Aase defaulted on her residential mortgage that was secured by a deed of trust. Wells Fargo Bank, N.A., the assignee of the deed of trust, sent Aase a notice of default and intent to accelerate. After Aase failed to timely cure the default, Wells Fargo pursued foreclosure and retained appellee Buckley

Madole, P.C., as foreclosure counsel. Buckley Madole sent Aase a notice letter under the Fair Debt Collection Practices Act (FDCPA), and ten days later, Buckley Madole sent her a notice of acceleration of the loan and a notice of foreclosure sale. The property was then sold at foreclosure to Jelinis, LLC.

Aase sued Wells Fargo, Buckley Madole, and Jelinis (which was never served). The trial court granted the summary judgment motions of Wells Fargo and Buckley Madole and severed Aase's claims against them. Aase appeals only the summary judgment in favor of Buckley Madole, asserting that its FDCPA letter revoked or replaced Wells Fargo's notice of default and intent to accelerate and that the acceleration and foreclosure was therefore improper and should be rescinded. We disagree and affirm the summary judgment for Buckley Madole.

## Background

Ann Aase purchased real property (a house) with a loan secured by a deed of trust that was later assigned to Wells Fargo. Aase failed to make her September 2016 monthly payment, and Wells Fargo sent her a notice of default and intent to accelerate (the Notice of Default) dated October 17, 2016. There is no dispute that Aase was in default. The Notice of Default included Aase's delinquency amount ($7,435.47) and set a November 21, 2016 deadline for her to cure the default. The Notice of Default's timeliness and content are not in dispute. The deadline expired without Aase curing the default.

2

Buckley Madole, then a Dallas law firm, sent Aase a January 20, 2017 letter (the FDCPA Letter) with reference to Aase's loan and her property with the following caption: "**FAIR DEBT COLLECTION PRACTICES ACT NOTIFICATION.**"[1] The text of the FDCPA Letter states that Buckley Madole represents Wells Fargo and that it has been requested to pursue foreclosure in accordance with Aase's note, deed of trust, and applicable law. The letter then states the following information in four numbered paragraphs: (1) the total amounts to cure the default and to pay off the debt as of January 13, 2017; (2) the mailing address for Buckley Madole and that the amounts to cure may vary and be greater should Aase choose to pay either amount, in which case Aase will be notified of the adjusted amount; (3) that unless Aase disputed the validity of the debt within thirty days of her receipt of the notice, Buckley Madole would assume the debt to be valid; and (4) that if Aase disputed the validity of the debt within thirty days of her receipt of the notice, Buckley Madole would obtain and mail her

---

[1] The top of the letter has the following statement:

**LEGAL PRECEDENT IS NOT CLEAR AS TO WHETHER THE SENDING OF THIS LETTER MAKES US A DEBT COLLECTOR. TO THE EXTENT IT DOES, PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.**

verification of the debt, and that if, within thirty days of her receipt of the notice, Aase requested the name and address of the original creditor, if different from the current creditor, Buckley Madole would provide her with the name and address of the original creditor.

Buckley Madole next sent Aase a January 30, 2017 letter (the Notice of Sale) notifying her that the note had been accelerated and that foreclosure of the property was scheduled for March 7, 2017. The Notice of Sale included a notice of acceleration and notice of trustee's sale. The foreclosure took place as noticed, and Aase was eventually evicted.

Aase sued Wells Fargo, Buckley Madole, and Jelinis, seeking declaratory relief that the foreclosure was void and should be rescinded because it was not properly noticed under the Texas Property Code and the deed of trust. She also asserted causes of action against Wells Fargo and Buckley Madole for breach of contract and for violating chapter 92 of the Texas Finance Code (the Texas Debt Collection Act), with such violation being a deceptive trade practice under chapter 17 of the Texas Business and Commerce Code. All of Aase's claims are premised on her assertions that Buckley Madole's FDCPA Letter revoked or replaced Wells Fargo's Notice of Default and that the FDCPA Letter was legally inadequate in timing and content to serve as a default letter to support the Notice of Sale that was sent ten days after the FDCPA Letter.

4

Buckley Madole moved for summary judgment on the ground that its FDCPA Letter was not a notice of default under the deed of trust and Texas law as a matter of law and that it was entitled to summary judgment on all Aase's claims, which were all based on her allegation that the FDCPA Letter was a notice of default that revoked or replaced Wells Fargo's Notice of Default. The trial court granted Buckley Madole's summary judgment motion. Aase appeals, continuing to assert that Buckley Madole's FDCPA Letter "undid the notice of intent to accelerate that was in the Wells Fargo default letter."

**Analysis**

We review summary judgments de novo. *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 258 (Tex. 2018). Summary judgment is proper when the material facts are not disputed and the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Oncor Elec.*, 539 S.W.3d at 258–59.

"If a note or deed of trust secured by real property contains an optional acceleration clause," "[e]ffective acceleration" of the debt "requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); *see EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 335–36 (Tex. App.—Waco 2008, no pet.). "Both notices must be 'clear and unequivocal.'" *Holy Cross*

*Church*, 44 S.W.3d at 566 (quoting *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)); *EMC Mortg.*, 264 S.W.3d at 336. The notice of intent to accelerate must demand payment of the past-due amount and provide an opportunity for the mortgagor to cure the default. *Shumway*, 801 S.W.2d at 893 (citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233–34 (Tex. 1982)); *see also Stoerner v. Wells Fargo Bank, N.A.*, No. H-18-3631, 2019 WL 3553912, at *2 (S.D. Tex. Aug. 5, 2019). The notice of default must give the debtor at least twenty days to cure the default before sending the debtor a notice of foreclosure sale. *See* TEX. PROP. CODE § 51.002(d).

This appeal boils down to the legal effect, if any, of Buckley Madole's FDCPA Letter on Wells Fargo's prior Notice of Default and the acceleration of Aase's debt and the foreclosure. A federal court in Texas recently addressed this very issue.

In *McCullough v. Wells Fargo Bank, N.A.*, No. SA-18-CV-01066-FB, 2019 WL 612995 (W.D. Tex. Jan. 15, 2019), the plaintiffs sued Wells Fargo in state court for breach of contract and to enjoin foreclosure on their home. The plaintiffs alleged that Wells Fargo, the mortgagee, failed to serve them with a notice of default at least twenty days before the notice of sale. Wells Fargo removed the case to federal court and moved the court to dismiss the case because the plaintiffs' pleading failed to state a claim on which relief can be granted.

6

More specifically, after the plaintiff mortgagor defaulted, Wells Fargo sent him a notice of default dated April 18, 2018. Then, on August 21, 2018, Bonial & Associates, P.C., Wells Fargo's foreclosure counsel, sent the plaintiffs letters titled "Fair Debt Collection Practices Act Notification."[2] That letter informed the plaintiffs that the law firm represented Wells Fargo and had been requested to initiate foreclosure proceedings under the deed of trust that the plaintiffs had executed in favor of the original mortgagee. Approximately ten days later, on August 30, 2018, Bonial & Associates sent the plaintiff mortgagor a notice of acceleration and sale stating that a foreclosure sale was scheduled for October 2, 2018. *McCullough*, 2019 WL 612995, at *1.

Like Aase, the plaintiffs in *McCullough* alleged that the law firm's FDCPA notification letters were notices of default and that the law firm's notice of sale letter, sent only nine days later, was premature and in violation of Texas Property Code section 51.002(d), which requires at least twenty days' notice. *Id.* at *3. Wells Fargo argued, and the federal court agreed, that the law firm's FDCPA notification letters were not notices of default; "rather, they were initial communication letters sent for the purpose of complying with 15 U.S.C. § 1692g. Simply put, an initial communication letter is not a notice of default." *Id.* at *4.

The FDCPA, a federal law,

---

[2]       Appellee Buckley Madole is now known as Bonial & Associates, P.C.

7

requires a debt collector, within five days after its "initial communication with a consumer in connection with the collection of any debt," to send the consumer a written notice containing five disclosures.[3] 15 U.S.C. § 1692g(a). The purpose of the debt collector's initial letter under § 1692g(a) "is to advise the debtor of the 'right to seek validation of the debt and dispute the validity of the debt.'" *EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 337 (Tex. App.—Waco 2008, no pet.) (quoting *Eads v. Wolpoff & Abramson, LLP*, 538 F. Supp. 2d 981, 989 (W.D. Tex. 2008)). "The notice requirements under 15 U.S.C. § 1692g(a) are distinct from the notice requirements under the deed of trust in this case." *Jacaman v. Nationstar Mortgage, LLC*, No. 04-17-00048-CV, 2018 WL 842975, at *7 n.3 (Tex. App.—San Antonio February 14, 2008, no pet.) [(mem. op.)] (not designated for publication).

*Id.*

Like Buckley Madole's FDCPA Letter to Aase, the letters sent by Bonial & Associates to the McCullough plaintiffs contained all of the information required by the FDCPA. *Id.* The federal court noted that, in contrast,

---

[3] The five disclosures required in the written notice are:

(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

the Texas Property Code requires a "mortgage servicer . . . [to] serve a debtor in default under a deed of trust . . . with written notice by certified mail stating that the debtor is in default under the deed of trust . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given . . . ." TEX. PROP. CODE ANN. § 51.002(d). The letters at issue here fail to meet the requirements of the Texas Property Code because they (1) were not sent by certified mail; and (2) did not inform Plaintiffs that they had at least twenty days to cure the default before notice of sale could be given. It follows that the letters were not notices of default. *Cf. EMC Mortg.*, 264 S.W.3d at 336–37 (determining that a debt collector's initial letter under the FDCPA did not constitute a notice of acceleration because it did not comply with the requirements of a notice of acceleration under Texas law). Accordingly, Defendant [Wells Fargo] was not required by the Texas Property Code to provide Plaintiffs with an additional twenty days to cure the loan default after Bonial & Associates sent them the initial communication letters.

*Id.* (footnote omitted).

Accordingly, because the law firm's letter was not a second and thus untimely notice of default, and because the law firm's FDCPA letters were not notices of default, the federal court held that Wells Fargo's notice of default was timely under Property Code section 51.002(d). *Id.* at *5.

We agree with the federal court's analysis and similarly hold that Buckley Madole's FDCPA Letter to Aase was not a second default letter that "undid," revoked, or replaced Wells Fargo's Notice of Default to Aase. Buckley Madole's FDCPA Letter was not a second notice of default; it was, "[s]imply put, an initial communication letter [under the FDCPA, which] is not a notice of default." *Id.* at *4. Moreover, Buckley Madole's FDCPA Letter did not contain any language

9

purporting to revoke or replace Wells Fargo's Notice of Default.

Therefore, Buckley Madole's Notice of Sale to Aase was timely under Property Code section 51.002(d) and under Aase's deed of trust, which required thirty days' notice. Because the premise of Aase's claims against Buckley Madole fails as a matter of law, the trial court properly granted Buckley Madole's motion for summary judgment.

## Conclusion

We affirm the trial court's summary judgment for Buckley Madole.

Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.